UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BANCROFT OWNERS INC.,

         Petitioner,        Case No.: 20-cv-4914

 -against-

NEW YORK HOTEL AND MOTEL TRADES   **PETITION TO**
COUNCIL, AFL-CIO,            **STAY ARBITRATIONS**

         Respondent.
------------------------------------------------------------------X

  Petitioner, Bancroft Owners Inc. ("Petitioner"), by its attorneys, Milman Labuda Law Group PLLC, complains of the Respondent, New York Hotel and Motel Trades Council, AFL-CIO ("Respondent"), and alleges:

## PRELIMINARY STATEMENT

  1. Petitioner brings this action, pursuant to Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), to stay arbitrations commenced by Respondent on the grounds that there is no valid agreement to arbitrate between Petitioner and Respondent.

## JURISDICTION

  2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on a federal question.

## VENUE

  3. Venue is proper in this district because the offices of Petitioner and Respondent are located in this district.

## PARTIES

  4. Petitioner is a company organized and existing under the laws of the state of New York with its principal place of business located in New York, New York.

1

5. Petitioner is an employer in an industry affecting commerce within the meaning of the LMRA.

6. Respondent is a labor organization as defined by section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), that represents workers in the New York metropolitan area.

7. Respondent maintains its headquarters at 707 Eighth Avenue, New York, New York 10036.

## FACTS

### June 29, 2020 Arbitration

8. On June 23, 2020, Respondent issued a notice of hearing to Petitioner scheduling an arbitration for June 29, 2020.  See Affidavit of Joseph M. Labuda, Esq. dated June 25, 2020 ("Labuda Aff."), Exhibit A.

9. Respondent seeks to arbitrate Petitioner's alleged "repudiation" of an alleged collective bargaining agreement and bind it to a union contract until 2027.  Labuda Aff. ¶ 5.  Respondent had not raised the issue of the alleged "repudiation" with Petitioner prior to Respondent's issuance of the notice of hearing.  Labuda Aff. ¶ 6.

### July 1, 2020 Arbitration

10. On June 19, 2020, Respondent issued another notice of a hearing scheduling an arbitration for July 1, 2020 regarding the discharge of an employee at Petitioner.  Labuda Aff. ¶ 7, Exhibit B.

11. After the issuance of the discharge arbitration notice, Petitioner had discussions with Respondent's counsel regarding the basis for the discharge and Respondent's propriety to arbitrate.  Labuda Aff. ¶ 8.  During the course of those discussions, Petitioner questioned

whether Respondent had the right to arbitrate the discharge and requested that Respondent provide Petitioner with a signed collective bargaining agreement ("CBA") requiring Petitioner to arbitrate disputes.  Labuda Aff. ¶ 9.

12.     Petitioner repeatedly asked Respondent's counsel in writing and orally for a copy of a CBA that purportedly obligates Petitioner to arbitrate the discharge.  Labuda Aff. ¶ 10.  To date, Respondent has not produced any CBA executed by Petitioner.  Labuda Aff. ¶ 11.

13.     Instead of producing an executed CBA, Respondent told Petitioner that Petitioner is obligated to arbitrate because it is a part of a multiemployer bargaining association between Respondent and certain other hotels.  Labuda Aff. ¶ 12.

14.     Respondent produced two emails, one from 2013 and one from 2015, purportedly from a person named Robert Saltzstein ("Saltzstein") that, in Respondent's view, establishes that Petitioner is bound to a multi-employer bargaining association.  Labuda Aff. ¶ 13, Exhibit C.

15.     Petitioner does not have any documents to/from Saltzstein or Respondent authorizing Saltzstein to bind Petitioner to either of the two union agreements listed above.  Labuda Aff. ¶ 14.

16.     Upon seeing the emails, Petitioner emailed Saltzstein in order to confirm or deny Respondent's claim.  Labuda Aff. ¶ 15, Exhibit D.  Petitioner never received a response.  Labuda Aff. ¶ 15.

17.     After not receiving any response from Saltzstein, Petitioner asked Respondent for Saltzstein's contact information.  Respondent told Petitioner that they believed Saltzstein had passed away.  Labuda Aff. ¶ 16.

18.     Saltzstein did not have the authority to bind Petitioner to an unsigned CBA.  Labuda Aff. ¶ 17.

19. In the Second Circuit, apparent authority is established by the representation of such authority by the principal to the third party. Petitioner did not inform Respondent that Saltzstein ever had the authority to bind Petitioner to the two (2) union contracts that Respondent claims Petitioner is bound to. Labuda Aff. ¶ 18.

20. Respondent has not produced any evidence from Petitioner of apparent authority. Consequently, as set forth in the accompanying memorandum of law, Petitioner is not obligated to arbitrate either the "repudiation" issue or the discharge issue. Labuda Aff. ¶ 19.

21. It should be noted that Petitioner has always maintained the practice of paying wages to its employees and the benefits contributions to Respondent's fringe benefits funds on behalf of the employees for health care and retirement purposes in order to provide a competitive compensation package for its employees. However, Petitioner has not agreed to be bound by any union CBA nor has it agreed to arbitrate disputes with Respondent. Labuda Aff. ¶ 20. As set forth in the accompanying memorandum of law, the wage and benefits contributions payments do not bind Petitioner to any CBA for the purposes of arbitrating disputes.

22. No previous application has been made for the relief sought herein.

**WHEREFORE**, for the reasons set forth above, Petitioner requests an Order permanently staying and enjoining Petitioner from proceeding with the arbitrations scheduled for June 29, 2020 and July 1, 2020, costs and fees incurred (including attorneys' fees and costs to the extent permitted by law), and such other and further relief as this Court deems just and proper.

Dated: Lake Success, New York
June 25, 2020

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Joseph M. Labuda, Esq.
Joseph M. Labuda, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(516) 328-8899 (office)
(516) 328-0082 (facsimile)

*Attorneys for Petitioner*