UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BANCROFT OWNERS INC., :
: Case 1:20-cv-04914
Petitioner, :
:
- against – :
:
NEW YORK HOTEL AND MOTEL TRADES :
COUNCIL, AFL-CIO, :
Respondent. :
:
------------------------------------------------------------X

## AFFIRMTION OF AMY BOKERMAN

STATE OF NEW JERSEY  )
                     ) SS
COUNTY OF HUDSON     )

Amy Bokerman, hereby affirms under penalty of perjury as follows:

1. I am Assistant General Counsel of the New York Hotel and Motel Trades Council, AFL-CIO ("HTC" or "Union"). I have been Assistant General Counsel at the Union for approximately nine and a half (9.5) years. I make this affirmation upon my personal knowledge except where stated upon information and belief.

2. Bancroft Owners, Inc. d/b/a Bancroft Condo d/b/a Bancroft Hotel ("Hotel" or "Employer") has been a party to the collective bargaining agreement between the Hotel Association of New York City, Inc. ("HANYC") and Associated Hotels and Motels of Greater New York ("Associated Hotels") and the Union, known as the Division A Collective Bargaining Agreement ("Division A CBA") since at least 2011 and includes an extension to the Division A CBA executed in 2015 (See Exhibits A and B).

3. Article VIII of the Division A CBA contains an extremely broad arbitration clause that provides, in part:

1

a) Grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, <u>or any acts, conduct or relations between the parties, directly or indirectly,</u> which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairman, <u>and his/her decision shall be final and binding upon the parties hereto. Any questions regarding arbitrability, substantive, procedural, or otherwise, or regarding the Impartial Chairperson's jurisdiction or authority, shall be submitted to the Impartial Chairperson in accordance with this Article.</u>

d) The parties consent that any papers, notices or process, including subpoenas, necessary or appropriate to initiate or continue an arbitration hereunder or to enforce or to enforce or confirm an award, may be served, may be served by ordinary mail directed to the last known address of the parties or their attorneys, or when authorized by the Impartial Chairperson, by telegram, fax, e-mail or telephone… [emphasis added]

4. In 2007, HANYC and Associated Hotels engaged the Hotel, Restaurant, Club Employees and Bartenders Union, Local 6, ("Local 6") in multi-employer bargaining over the terms of an industry-wide collective bargaining agreement known as the Division "A" Collective bargaining agreement which covered smaller scale hotels and residential buildings which had previously been hotels ("2007 CBA"). Robert Saltzstein of Associated Hotels provided Local 6 with a list of hotels and employers who had signed an assent to be bound to multi-employer bargaining by Associated Hotels. The Union became the successor union in interest to Local 6 under the 2007 CBA in 2011. A copy of the 2007 Saltzstein correspondence is attached hereto as Exhibit C. The Union has never received any notifications from the Employer that it was withdrawing from multi-employer bargaining with Associated Hotels.

5. In Fact, in 2013 and 2015 the Union was notified by Saltzstein via e-mail that the Employer was a member of the Associated Hotels bargaining group (see Exhibits D and E). Since that time, the Employer has acted in a manner consistent with being bound to the Division A CBA.

6. The Employer has been submitting monthly reports to the Dues Department of the Union showing, *inter alia*, for each employee: wage rate, date of hire, total hours worked, any overtime paid, contributions to the pension or annuity funds, the dues rate, etc.

7. The Employer has been paying wages and benefits as outlined in the Division A CBA.

8. The Employer has been deducting Union dues from employees and remitting said dues to the Union.

9. The Employer has been making required contributions under the Division A CBA to the Health Benefit Funds, a multi-employer benefit fund, something that a private employer would not be permitted to do.

10. In 2014, the Employer appeared before an arbitrator included on a panel designated by the Division A CBA and was a party to a voluntary settlement agreement ("VSA"), which was signed off on by the arbitrator (see Exhibit F).

11. In 2016, the Employer signed a VSA with the Union where they agreed to the following language: "Any disputes between the parties or regarding this VSA shall be submitted to final and binding arbitration before the Office of the Impartial Chairperson in accordance with the grievance and arbitration procedure of [the] Division A CBA." (see Exhibit G).

12. In 2017, current counsel to the Employer acknowledged in an e-mail that the Employer is bound to the Division A CBA and requested to negotiate regarding the hiring procedures outlined in the Division A CBA.  Also copied on the 2017 e-mail is the signatory to the Employer's Petition to Stay Arbitrations (see Exhibit H).

13. The Employer has consistently engaged with the Union in the normal course of contract enforcement.  Including scheduling meetings to discuss discipline with a Union representative (see Exhibit I), responding to e-mails regarding the Employer's failure to timely implement the wage increase as outlined in the Division A CBA (see Exhibit J), and corresponding with Union representatives regarding the Employer's hiring obligations as outlined in the Division

A CBA (see Exhibit K).

                                                                            */s/ Amy Bokerman*  
                                                                              Amy Bokerman

Dated: Hoboken, NJ  
       June 26, 2020

4