UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                :

BANCROFT OWNERS INC.,                :

                                :     **SUMMARY ORDER DENYING**
                         Petitioner,      :     **PRELIMINARY INJUNCTION**
        v.                                   :
                                   :     20 Civ. 4914 (AKH)
NEW YORK HOTEL AND MOTEL TRADES   :
COUNCIL, AFL-CIO,                    :
                                   :
                           Respondent.    :
                                   :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

             Petitioner Bancroft Owners Inc. ("Petitioner") seeks to preliminarily enjoin

arbitration proceedings instituted by Respondent New York Hotel and Motel Trades Council,

AFL-CIO ("Respondent").  On June 26, 2020, I granted an order to show cause directing

Respondent to respond to Petitioner's request for preliminary injunctive relief.  In the order, I

also granted a temporary restraining order enjoining arbitration pending my determination as to

preliminary injunctive relief.  Today, June 30, 2020, I held a telephonic hearing to address

whether to issue a preliminary injunction.  For the reasons stated on the record at today's

telephonic hearing, Petitioner's motion for a preliminary injunction is denied.

             Petitioner is unlikely to succeed on the merits of its petition.  Petitioner gave

express consent to non-party Associated Hotels and Motels of Greater New York to negotiate

and bind Petitioner to a CBA and any extensions or successor agreements, and Petitioner has not

provided any evidence that consent was ever revoked.  *See Thomson-CSF, S.A. v. Am.*

*Arbitration Ass'n*, 64 F.3d 773, 777 (2d Cir. 1995) ("Traditional principles of agency law may

bind a nonsignatory to an arbitration agreement."); *see also Trustees of UIU Health & Welfare*

*Fund v. N.Y. Flame Proofing Co., Inc.*, 828 F.2d 79 (2d Cir. 1987).  Furthermore, Petitioner has

complied with the terms of CBA for years, including by paying wages according to the schedules set forth in the CBA, making benefit fund contributions, and submitting remittance reports.  *See Brown v. C. Volante Corp.*, 194 F.3d 351, 354-56 (2d Cir. 1999) (finding employer was bound by unsigned CBAs where there was sufficient evidence that employer manifested intent to adopt CBAs); *Seabury Constr. Corp. v. Dist. Council of N.Y. & Vicinity of the United Bhd. of Carpenters & Joiners of Am., AFL–CIO*, 461 F. Supp. 2d 193, 198 (S.D.N.Y. 2006) ("A CBA does not have to be signed by the employer to be effective. An employer's intent to adopt an agreement may be evidenced by its conduct of complying with some of its terms.").  Thus, there are multiple bases on which Petitioner was bound by the CBA and therefore subject to its arbitration provision.

Petitioner has also not shown that it would suffer irreparable harm if forced to arbitrate, that the balance of the equities tips in its favor, or that an injunction is in the public interest.  Therefore, Petitioner's motion for a preliminary injunction is denied, and the temporary restraining order enjoining arbitration is vacated.

SO ORDERED.

Dated:    June 30, 2020                                        /s/ Alvin K. Hellerstein
          New York, New York                         ALVIN K. HELLERSTEIN
                                                     United States District Judge