# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

[†] Also admitted in New Jersey

Author: Joseph M. Labuda – Member [†]
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

October 20, 2020

**Via ECF**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten note: I do not require pre-motion conference. The request for a conference is denied. 10-21-20]*

**RE:   Bancroft Owners Inc. v. New York Hotel and Motel Trades Council, AFL-CIO**
       **Case No.: 20-cv-4914 (AKH)**
       **MLLG File No.: 27-20**

Dear Judge Hellerstein:

This firm represents Bancroft Owners Inc. ("Petitioner") in the above-referenced matter. Petitioner writes to request a conference regarding Petitioner's anticipated motion to stay a new arbitration that was initiated by Respondent New York Hotel and Motel Trades Council, AFL-CIO ("Respondent").

Petitioner is aware of the Court's June 30, 2020 TRO Order denying a preliminary injunction. (This Order is attached hereto as Exhibit A). However, the instant request seeks a stay of a new arbitration hearing, filed on July 13, 2020, involving an expired CBA.

## BACKGROUND

On June 30, 2020, Petitioner sent Respondent a notice of termination of the July 1, 2013 to June 30, 2020 CBA ("2013 CBA") (if bound) and sought to negotiate a new CBA.[1] (This termination notice is attached hereto as Exhibit B). Petitioner also notified Respondent that it was

---

[1] Since Petitioner properly terminated the 2013 CBA on June 30, 2020, Petitioner's obligation to arbitrate ceased on this date. See Litton Financial Printing v. NLRB, 501 U.S. 190, 206 (1991); see also Flannery Parking System, Inc. v. Local 917, No. 95 Civ. 9522, 1996 U.S. Dist. LEXIS 10005, at *3-5 (S.D.N.Y. July 18, 1996) (holding that an arbitration clause is not valid if the original collective bargaining agreement has expired and no other agreement exists); Mount Ararat Cemetery v. Cemetery Workers, 975 F. Supp. 445, 448 (E.D.N.Y. 1997) (holding that expired agreement contains "no language to indicate that the parties intended [arbitration] provisions to continue in effect beyond the contract's expiration date").

Hon. Alvin K. Hellerstein, U.S.D.J.
October 20, 2020
Page 2 of 3

not bound to a separate 2015-2027 union contract since Petitioner never signed any such contract or authorized any agent to bind it to any contract with Respondent. (See Ex. B). To date, Respondent has refused to bargain with Petitioner.

Despite the fact that the 2013 CBA expired, Respondent issued an amended notice of hearing to Petitioner on July 13, 2020—thirteen (13) days after the 2013 CBA's expiration. In addition to Petitioner's alleged "repudiation" of an extension agreement, this amended notice of hearing also sought to arbitrate Petitioner's alleged "willful failure to pay July 1, 2020 CBA Wage Increases." (This amended notice of hearing is attached hereto as Exhibit C).[2] In commencing this arbitration, Respondent relies on a bargaining assent ("Assent") that was purportedly used to bind Petitioner to a 2015-2027 extension agreement signed by Respondent and the Associated Hotels and Motels of Greater New York ("Associated Hotels"). (The Assent and extension agreement are attached hereto as Exhibits E and F, respectively).

However, upon close inspection, this Assent cannot bind Petitioner to the 2015-2027 extension agreement. The Assent specifically states that Petitioner only agrees to be bound to agreements between Associated Hotels and Local 6, Hotel, Restaurant and Club Employees and Bartenders Union, UNITE HERE ("Local 6"). (See Ex. E). In contrast, Respondent, the New York Hotel and Motel Trades Council, is not Local 6. Moreover, even assuming some relationship between these two (2) unions, the Assent (by its own terms) does not extend to any affiliates or other unions besides Local 6.[3] Since Associated Hotels lacked actual authority (based on the Assent) to enter into any agreements with Respondent, Petitioner cannot be bound to the 2015-2027 extension agreement. 1964 Realty LLC v. Consulate of the State of Qatar-New York, No. 14 Civ. 6429 (ER), 2015 U.S. Dist. LEXIS 118547, at *15 (S.D.N.Y. Sep. 4, 2015) ("The existence of actual authority depends upon the actual interaction between the putative principal and agent, not on any perception a third party may have of the relationship.").

Furthermore, Petitioner's conduct demonstrates that it was not bound to the 2015-2027 extension agreement. For example, the 2015-2027 extension agreement has wage increases that were effective on July 1, 2020. (Ex. F, ¶ 2). Petitioner refused to implement these wage increases, which is why Respondent issued the amended notice of hearing. Since Petitioner has not complied with the terms of the 2015-2027 extension agreement, this demonstrates Petitioner's intent not to be bound. See Ferrara v. Prof'l Pavers Corp., No. 11-CV-1433 (KAM) (RER), 2013 U.S. Dist. LEXIS 45944, at *33 n.13 (E.D.N.Y. Feb. 15, 2013). Moreover, Petitioner notified Respondent that it is not bound to the 2015-2027 agreement.

---

[2] On August 21, 2020, the hearing date for this new arbitration, Respondent presented its case to the arbitrator. However, Petitioner objected to participating in the arbitration on the grounds that no valid agreement to arbitrate existed between the parties, so the arbitrator marked the new arbitration as "Heard and Continued." On September 28, 2020, the arbitrator contacted Petitioner's counsel seeking payment for the August 21, 2020 arbitration as well as a prior arbitration on August 7, 2020. (The arbitrator's email is attached hereto as Exhibit D). To be clear, Petitioner is willing to pay for the August 7, 2020 arbitration since this arbitration was the subject of this Court's June 30, 2020 Order. (See Ex. A). However, Petitioner is not willing to pay for the new arbitration heard on August 21, 2020 because, as discussed below, Petitioner is not bound to an agreement to arbitrate with Respondent.

[3] Indeed, the amended notice of hearing states that the New York Hotel and Motel Trades Council is requesting the arbitration—not Local 6. (See Ex. C).

Hon. Alvin K. Hellerstein, U.S.D.J.
October 20, 2020
Page 3 of 3

It should be noted that Petitioner's compliance with the 2013 CBA between Associated Hotels and Respondent provides no basis to bind Petitioner to the 2015-2027 extension agreement as these two contracts temporally overlap from 2015 to 2020, so any compliance with the terms of the 2013 CBA cannot demonstrate acquiescence to the 2015-2027 agreement. (The 2013 CBA is attached hereto as Exhibit G).[4]

Accordingly, Petitioner requests a conference regarding Petitioner's anticipated motion to stay the new arbitration that Respondent initiated. Thank you for your attention to this matter.

Respectfully submitted,

/s/ Joseph M. Labuda

Enclosures.

cc:   All Counsel of Record (via ECF)

---

[4] It should also be noted that under the National Labor Relations Act, an employer is required to maintain the economic terms of a CBA after it expires while a new CBA is negotiated. See Laborers Health & Welfare Tr. Fund v. Advanced Lightweight Concrete Co., 484 U.S. 539, 544 n.6 (1988) ("[A]n employer's failure to honor the terms and conditions of an expired collective-bargaining agreement pending negotiations on a new agreement constitutes bad faith bargaining in breach of sections 8(a)(1), 8(a)(5) and 8(d) of the National Labor Relations Act."). Here, most of the terms in the 2013 CBA and 2015-2027 extension agreement are the same. (See Ex. F, ¶ 1 ("Except as expressly set forth herein, all of the terms of the [2013 CBA] are renewed and extended until midnight June 30, 2027.")). Since Petitioner was required by law to maintain the wages and benefit contributions made to Respondent after the 2013 CBA expired, this cannot be used to demonstrate compliance with the 2015-2027 extension agreement.