UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
BANCROFT OWNERS, INC.,                                         :
                                                               :  **ORDER DENYING**
                                    Petitioner,                :  **MOTION TO STAY**
       -against-                                               :
                                                               :  20 Civ. 4914 (AKH)
NEW YORK HOTEL AND MOTEL TRADES                                :
COUNCIL, AFL-CIO,                                              :
                                                               :
                                    Respondent.                :
                                                               :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner Bancroft Owners, Inc. ("Petitioner" or "Bancroft") moves, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"), to stay an arbitration noticed on July 13, 2020. ECF No. 21. Petitioner's motion is denied.

      In 2013, Bancroft, through its non-party agent, Associated Hotels and Motels of Greater New York and the Hotel Association of New York City, Inc. ("Associated Hotels"), entered into a Collective Bargaining Agreement ("2013 CBA") with Respondent New York Hotel and Motel Trades Council, AFL-CIO ("Respondent" or "Union"). Labuda Decl. Ex. 7, ECF No. 21-9. The 2013 CBA was set to expire on June 30, 2020, but this term was extended until 2027 through a Memorandum of Understanding signed by Associated Hotels and the Union in 2015 ("2015 CBA Extension").

      On June 26, 2020, Petitioner moved to stay an arbitration noticed by Respondent, seeking to arbitrate Petitioner's alleged repudiation of the 2013 CBA. ECF No. 1. On June 30, 2020 I held a show-cause hearing and on the record, I held that "the record is clear that in 2007 Bancroft Owners gave consent to being represented in multiemployer collective bargaining by the respondent association." Hearing Tr. 20:20-25, ECF No. 25-1. I then denied Petitioner's motion

for a preliminary injunction in an order, stating that "Petitioner gave express consent to non-party Associated Hotels . . . to negotiate and bind Petitioner to a CBA and any extensions or successor agreements, and Petitioner has not provided any evidence that consent was ever revoked." Order 1, ECF No. 15. I also explained that Petitioner "has complied with the terms of the CBA for years, including by paying wages according to the schedules set forth in the CBA, making benefit fund contributions and submitting remittance reports." *Id*. at 2. That same day, Petitioner informed Respondent that they were terminating the 2013 CBA and that they were not bound by the 2015 CBA Extension. Labuda Decl. Ex. 2, ECF No. 21-4.

Petitioner now seeks to stay an amended arbitration hearing noticed by Respondent on July 13, 2020. The amended arbitration notice, which was noticed under the same arbitration case number as the previous arbitration notice, seeks to arbitrate Petitioner's repudiation of the 2015 CBA Extension, as well as Petitioner's "willful failure to pay July 1, 2020 Wage Increases." Labuda Decl., Ex. 3, ECF No. 21-5.

In the motion before me, Petitioner argues that the arbitration should be stayed, as the 2013 CBA is expired and that they are not bound to the 2015 CBA Extension, as Petitioner did not authorize any third party to bind it to the 2015 CBA Extension. They further argue that under the 2007 authorization signed by Respondent and Associated Hotels, Petitioner only agreed to be bound to agreements between Associated Hotels and Local 6, Hotel, Restaurant and Club Employees and Bartenders Union, UNITE HERE ("Local 6"), not Respondent. Labuda Aff., Ex. 5. Bancroft argues that the authorization, does not extend to any affiliates or other unions besides Local 6, and that its compliance with the 2013 CBA does not signify intent to comply with the 2015 CBA Extension.

Respondent argues that this motion is duplicative of the previous motion, that an arbitrator should decide whether the CBA is still applicable, and that Petitioner has not met the standard necessary to stay the arbitration. *See* Mem. Opp., ECF No. 23.  Respondent states that Local 6 transferred its negotiations responsibility to the Union as a successor in interest, and that Bancroft has a history of complying with the CBAs and with Respondent. *Id.* at 13. The Union also notes that Bancroft never distinguished between the 2013 CBA and the 2015 CBA Extension, and that Bancroft complied with terms found only in the 2015 CBA, such as the allocation of contributions and benefit contribution increases. *Id.* at 14.  Finally, the Union explains that the July 13 notice "merely puts [the Contract Arbitration] back on track" to where it was prior to Petitioner's motion for a preliminary injunction and temporary restraining order. *Id.* at 16.

I find that Petitioner's motion is duplicative of the previous motion.  This is not a new arbitration, but rather, an amended arbitration which seeks to reinstate the arbitration previously stayed.  The core issue of Bancroft's repudiation of the collective bargaining agreement remains the same; the contents of the hearing have merely been altered to include an additional issue- Bancroft's failure to pay wage increases per the terms of the CBA they repudiated.  Petitioner's challenge to the arbitration is wholly based on the validity of the collective bargaining agreement and whether its representative had authority to enter into the extension, an issue which I decided the same day that Bancroft attempted to repudiate the extension.  As I previously held, the 2007 authorization provides Associated Hotels with authorization to enter into a collective bargaining agreement and any extensions or successor agreements with Local 6, who was represented by Respondent.  Associated Hotels and Respondent entered into and signed the 2013 CBA, as well as the 2015 CBA Extension.  Petitioner has provided no information to warrant any

reconsideration of my previous ruling and has not shown that it revoked the authorization to enter into the extension in 2015.  As such, Petitioner's motion to stay the arbitration is denied.

Respondent requests that I award attorneys' fees, as Petitioner's motion was frivolous and unwarranted.  I find that Petitioner acted vexatiously in bringing a second, duplicative motion challenging the validity of the collective bargaining agreement with Respondent.  *See New York Hotel & Motel Trades Council v. CF 43 Hotel, LLC*, No. 16 CIV. 5997 (RMB), 2017 WL 2984168, at *5 (S.D.N.Y. June 14, 2017) (explaining that while the NLRA does not provide for fees, courts may award fees where "opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reason."); *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (defining "vexatious" as "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.").  Bancroft had the opportunity to fully argue this issue previously, and now unreasonably attempts to circumvent my previous ruling on the matter and take a second bite of the apple.

Accordingly, Petitioner's motion to stay the arbitration is denied.  The oral argument, currently scheduled for March 2, 2021, is hereby cancelled.  The Clerk is instructed to terminate civil case 20-cv-4914 and the open motion, ECF No. 21, taxing costs and fees to Petitioner in the amount of $500.

SO ORDERED.

Dated:     February 26, 2021                    /s/ Alvin K. Hellerstein
           New York, New York                   ALVIN K. HELLERSTEIN
                                                United States District Judge